```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL and CHRISTINE            :
LANCENESE,                       :    CIVIL ACTION
                                 :
           Plaintiffs,            :
                                 :    NO. 05-cv-5951
      v.                         :
                                 :
VANDERLANS AND SONS, INC.,       :
                                 :
           Defendant.            :
```

**MEMORANDUM AND ORDER**

Joyner, J.                                        January 13, 2009

Before this Court is Plaintiffs' Petition for Delay Damages (Doc. No. 84), Defendant's Answer to Plaintiff's Petition for Delay Damages (Doc. No. 86) and Plaintiffs' Reply thereto (Doc. No. 92).

Background

Following an incident in 2005 involving a domehead plug, Plaintiffs Michael and Christine Lancenese filed suit against Defendant Vanderlans and Sons. Plaintiffs ultimately brought claims of negligence, implied warranty of merchantability, and loss of consortium to trial. After a jury trial lasting seven days, the jury found that defendant was negligent, that it had breached its implied warranty of merchantability and that plaintiff Christine Lancenese had suffered a loss of consortium. The jury apportioned the causal negligence for plaintiff Michael Lancenese's claims as follows: Defendant: 70%; Plaintiff Michael

1

Lancenese: 30%.  This Court entered judgment accordingly on December 22, 2008. Plaintiffs filed a petition for delay damages pursuant to Pa.R.C.P. 238; defendant disputes certain elements of the delay damages and their calculation.

## Discussion

Plaintiffs argue that they are entitled to delay damages pursuant to Pa.R.C.P. 238 for damages awarded for negligence.  As Pennsylvania substantive law governed this action, Pa.R.C.P. 238 is applicable to the judgment in this matter. Moyer v. United Dominion Industries, 2003 U.S. Dist. LEXIS 6248, at *4 (E.D. Pa. Feb. 26, 2003) (citing Kirk v. Raymark Industries, Inc., 61 F.3d 147, 168 (3d Cir. 1995)).  Plaintiffs also contend that the damages awarded for breach of implied warranty should be considered breach of contract damages and, as such, are entitled to statutory pre-judgment interest as a matter of right. Defendants agree that Pa.R.C.P. 238 applies to the present matter, but disagrees as to the total length of time for which delay damages should be awarded and whether delay damages should be calculated for Michael's Lancenese lost earnings, and embarrassment and humiliation.

Delay damages are awarded in line with Pa.R.C.P. 238 from the day one year after the service of process up to the date of the verdict.  Pursuant to subsection (b), the Court must determine (1) the date of the service of the Complaint, (2) the

period of time after defendant made a written offer, if the plaintiff's verdict is less than 125% of the amount offered; and (3) the period in which the plaintiff caused delay of trial. In this case, plaintiff served the Complaint on December 27, 2005, and hence, delay damages would arguably be awarded from December 27, 2006 until the date of the verdict, November 25, 2008.

### I. Plaintiff's Delay of Trial[1]

During the course of the case, plaintiffs, jointly with defendant, motioned this Court to stay the case and the Court granted such a stay that lasted from January 26, 2006, until August 3, 2006, when the stay was lifted.  See Lancenese v. Vanderlans, No. 05-5951 (E.D. Pa. Jan. 27, 2006) (order staying the action at request of parties); Letter from Plaintiffs' Attorney (Doc. No. 84) (July 21, 2006) (letter requesting the case be made active).  Defendant contends, and plaintiffs does not dispute, that plaintiffs asked for this stay to undergo surgery.  Def. Ans. Memo. 2.  Hence, during this period of time, plaintiff cause delay of trial.  Pa.R.C.P. 238(b)(1)(ii) provides that the period of time during which plaintiff caused delay of trial shall be excluded from the period of time for which damages for delay are calculated.  Plaintiffs argue that this delay occurred during the one year period following the service of the

---

[1] As both parties agree that the verdict was more than 125% of the settlement amount offered, the second consideration does not apply.

Complaint and, as such, should not be subtracted from the overall period.  However, there is no such qualification providing for an exception in the rule and it seems to this Court that if the case had not been stayed for these 189 days, then presumably, the case would have progressed and come to verdict 189 days earlier than it did.  Hence, 189 days will be deducted from the period of time for which delay damage are to be calculated in line with Pa.R.C.P. 238(b).

**II. Lost Earnings, Embarrassment and Humiliation**

Plaintiffs contend that they are entitled to delay damages in relation to the damages specified for lost earnings, embarrassment and humiliation.  Defendant argues that delay damages should be limited to the damages specified for the past medical expenses, future medical expenses, pain and suffering, and loss of life's pleasures.  The claim in this case was one of negligence that resulted in bodily injury; hence, the total damages awarded for this claim would constitute "monetary relief for bodily injury, death or property damage" in accordance with Pa.R.C.P. 238.  In its Answer, defendant cites to cases in which lost earnings, and embarrassment and humiliation, were inappropriate under Rule 238; however, these actions were not those contemplated in Rule 238 because they were not personal injury torts.  See Butler v. Flo-Ron Vending Co., 383 Pa. Super. 633, 653 (Pa. Super. Ct. 1989); Wainauskis v. Howard Johnson Co.,

339 Pa. Super. 266, 283, 488 A.2d 1117, 1125 (1985) (Brosky, J., concurring); <u>Contractor Utility Sales Co. v. Certain-Teed Corp.</u>, 748 F.2d 1151 (7th Cir.1984).  As the damages in this case were awarded as part of the negligence damages, they are entitled to be used in the calculation for delay damages.  Hence, the total negligence damages of $1,904,500.00, minus the plaintiff's percentage of causal fault (30%), shall be used to calculate delay damages.[2]

### III. Breach of Implied Warranty

Finally, plaintiffs claim in their Reply that the implied breach of warranty claim is a contract claim and, as such, should not be entitled to delay damages, but should be entitled to 6% interest as a matter of right from the time the debt accrued. <u>Robert Wooler Co. V. Fidelity Bank</u>, 479 A.2d 1027 (1984). However, on the verdict slip, the damages awarded to Michael Lancenese are not specifically broken down between the negligence claim and the implied breach of warranty claim and, as such, it would be impossible to determine which of the damages could be entitled to delay damages and which could be entitled to a 6% statutory rate.  Overall, the "total damages" for Michael Lancenese's bodily injury claim will be calculated to determine delay damages, and we decline to separate a jury's total verdict

---

[2] Parties appear to agree that since the causal negligence of Michael Lancenese was found to be 30%, the verdict for his injuries should be reduced to $1,333,150.00.  Def. Ans. Memo. 2; Pl. Reply Memo. 3.

5

arbitrarily or award interest twice on the same damages.

**IV. Conclusion**

Hence, plaintiffs are entitled to 70% of the total damages for negligence and implied warranty ($1,333,150.00) during the period of time starting one year after the service of the Complaint until the verdict, less 189 days due to a delay imposed by the plaintiffs.  Pursuant to Pa.R.C.P. 238, the damages shall be calculated "at the rate equal to the prime rate as listed in the first edition of the Wall Street Journal published for each calendar year for which the damages are awarded, plus one percent, not compounded."[3]

In assessing the delay damages, we will calculate the damages from one year and 189 days after the service of the Complaint: July 4, 2007.  The total verdict used in the calculation is $1,333,150.00 (70% of Michael Lancenese's total damages).  Accordingly, the verdict shall be molded as follows:

| YEAR | Portion of Year | Rate | Delay Damages |
|---|---|---|---|
| 2007 | from 7/4 (180 days) | 9.25% | $60,813.54 |
| 2008 | to 11/25 (329 days) | 8.25% | $99,137.04 |
| | **TOTAL DELAY DAMAGES:** | | **$159,950.58** |
| | **TOTAL DAMAGES AWARD:** | | **$1,493,100.58** |
| **TOTAL MOLDED VERDICT** (inc. Loss of Consortium): | | | **$1,593,100.58** |

An appropriate Order follows.

---

[3]The rates are as follows:

| YEAR | PRIME RATE | PLUS 1% |
|---|---|---|
| 2006 | 7.25 % | 8.25 % |
| 2007 | 8.25 % | 9.25 % |
| 2008 | 7.25 % | 8.25 % |

```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL and CHRISTINE           :
LANCENESE,                      :    CIVIL ACTION
                                :
          Plaintiffs,            :
                                :    NO. 05-cv-5951
     v.                         :
                                :
VANDERLANS AND SONS, INC.,      :
                                :
          Defendant.            :
```

**ORDER**

AND NOW this 13th day of January, 2009, upon consideration of Plaintiffs' Petition for Delay Damages (Doc. No. 84), Defendant's Response to Plaintiff's Petition for Delay Damages (Doc. No. 86) and Plaintiffs' Reply thereto (Doc. No. 92), and for the reasons sets forth in the attached memorandum, it is hereby ORDERED that Plaintiffs Petition is GRANTED and Plaintiffs are awarded delay damages in the amount of $159,950.58. It is further ORDERED that the verdict awarded to Plaintiffs shall be molded to a total of $1,593,100.58 to reflect the delay damages, the percentage of plaintiff's causal negligence and plaintiff Christine Lancenese's Loss of Consortium award.

                                        BY THE COURT:


                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER,       J.